IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MINA E. HEMMY,                    )    CIVIL 16-00407 LEK-RLP
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
MIDLAND FUNDING LLC, et al.,      )
                                  )
          Defendant.              )
_____   )


**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ERC'S
MOTION TO DISMISS COMPLAINT AND GRANTING IN PART AND DENYING
IN PART DEFENDANT MIDLAND'S MOTION FOR JUDGMENT ON THE PLEADINGS**

          Before the Court are: Defendant Enhanced Recovery

Company, LLC's ("ERC") Motion to Dismiss Complaint, Filed 7/25/16

[Dkt. 1] ("ERC's Motion"), filed on October 11, 2016; and

Defendant Midland Funding, LLC's ("Midland") Motion for Judgment

on the Pleadings ("Midland's Motion"), filed on November 7, 2016.

[Dkt. nos. 17, 40.]  Pro se Plaintiff Mina E. Hemmy ("Plaintiff")

filed a memorandum in opposition to ERC's Motion on October 21,

2016, and Midland filed a statement of no position as to ERC's

Motion on December 6, 2016.  [Dkt. nos. 29, 47.]  ERC filed a

reply in support of its motion ("ERC Reply") on December 13,

2016.  [Dkt. no. 48.]  Plaintiff failed to file a timely response

to Midland's Motion.  On December 13, 2016, Midland filed a reply

in support of its motion ("Midland Reply").  [Dkt. no. 49.]

Plaintiff filed a response to the Midland Reply ("Plaintiff's

Midland Response") on December 16, 2016, and Midland filed a

reply to Plaintiff's Midland Response ("Supplemental Midland Reply") on December 22, 2016. [Dkt. nos. 53, 54.]

On December 14, 2016, the Court issued an entering order finding these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, the ERC Motion and the Midland Motion are HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below. Specifically, the motions are GRANTED insofar as all of Plaintiff's claims against ERC and Midland are DISMISSED. The dismissal of Plaintiff's claim against Midland in Count IV is WITH PREJUDICE, but the dismissal of all Plaintiff's other claims against Midland and all of Plaintiff's claims against ERC is WITHOUT PREJUDICE. In other words, this Court will allow Plaintiff to try to amend her Complaint to cure the defects in those claims that this Court has identified in this Order.

## BACKGROUND

On July 25, 2016, Plaintiff filed her Complaint for Permanent Injunction and Other Relief ("Complaint") against Midland, ERC, and Defendant "Kirk Neste of Cades and Schutte" ("Neste"). Plaintiff brings this action pursuant to sections 5(a) and 13(b) of the Fair Debt Collections Practices Act

2

("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Hawai`i Uniform
Commercial Code ("UCC"), Haw. Rev. Stat. Chapter 490, Article 9.
[Complaint at ¶¶ 1-2.]  According to the Complaint, "[t]he
alleged debt instrument has been treated as a tradable security
secured by [Plaintiff's] legal name in commerce for alleged goods
and services or other money owed, which was by an alleged
contract/instrument sold or assigned to a third party."  [Id. at
¶ 13.]

Attached to the Complaint as Exhibit A is a letter
dated April 12, 2016 from Plaintiff to Midland regarding
"correspondence purporting to allege a debt claimed by" Credit
One Bank, N.A., in the amount of $778.35 ("Midland Letter").
[Complaint, Exh. A at 1.]  The letter gave Midland notice that
Plaintiff was disputing the debt and she demanded that Midland
cease and desist collection until it provided validation and
verification of the debt.  Plaintiff demanded the following
information to verify the debt:

> 1) The name and address of the person or persons
> of Credit One bank, [sic] N.A. alleging a claim of
> a debt.
>
> 2) The ORIGIN of the funds used to create this
> alleged claim of a debt.
>
> 3) The name of the actual creditor even if that is
> I.
>
> 4) The actual records of the organization or other
> government unit showing the time and place of the
> DEPOSIT and distribution of the funds used to
> create this alleged claim of debt.

5) The actual records of the organization or other governmental unit showing that an actual loan was made from the organization or other governmental unit's own funds that resulted in the enclosed alleged claim of a debt.

6) The actual FINANCIAL records of the organization or other governmental unit with a live signature on any and all document/instrument(s) used to allege the existence of a REAL LOAN of funds or debt from the organization or other governmental unit, to myself.

7) The actual records (or affidavit) of the organization or other governmental unit showing that any and all document/instrument(s) containing my signature or the likeness of my signature were not negotiated or pledged by the organization or other governmental unit against my credit to create the funds used for the appearance of a debt and resulting in this alleged claim of debt.

[Id. at 2-3 (some emphases omitted).] Plaintiff also demanded information showing that the person preparing the validation of the debt had the authority and the personal knowledge to do so. [Id. at 3-4.] She asserted that she was entitled to this information pursuant to "the truth in lending laws of the United States Code, Title 15 § 1601 et seq. and Regulation Z" and the FDCPA. [Id. at 2.]

Exhibit B is a letter dated October 22, 2015 from Plaintiff to AFNI Inc. regarding its "report of a collection on [her] credit" on behalf of AT&T in the amount of $2,456 ("AFNI Letter"). [Complaint, Exh. B at 1.] The AFNI Letter is similar to the Midland Letter. Exhibit C is a letter dated May 20, 2016 from Plaintiff to Neste regarding "correspondence around May 10th

4

alleging a debt from" House's Homes LLC for an "[a]lleged pending judgment" ("Neste Letter"). [Id., Exh. C at 1.]  The Neste Letter is similar to the Midland Letter.

The Complaint alleges the following claims: failure to report to consumer credit bureaus that a debt is disputed, in violation of 15 U.S.C. § 1692e(8) ("Count I"); reporting an unverified/invalid debt to third parties and/or credit bureaus, in violation of 15 U.S.C. § 1692g(b) ("Count II"); a common law defamation claim ("Count III"); and a UCC claim based upon the alleged failure to provide an authentic statement of account upon request, in violation of Haw. Rev. Stat. § 490:9-210, 625(f). Plaintiff prays for the following relief from an unspecified defendant: an order requiring the defendant "to delete this unverified debt from its accounting books"; [id. at ¶ 15.A;] an injunction requiring the defendant to comply with the FDCPA and the UCC in all future debt collections; court supervision, or supervision of a special master to ensure compliance; fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) or any other applicable law; damages and penalties for the FDCPA and UCC violations; and any other appropriate relief.

The ERC Motion argues that this Court must dismiss Plaintiff's claims against it because the Complaint does not contain any factual allegations against it.  Further, the allegations of the Complaint and the exhibits thereto foreclose

Plaintiff's state law claims, which must be dismissed with prejudice.

The Midland Motion argues that: Plaintiff fails to state a FDCPA claim against Midland; Plaintiff fails to state a defamation claim; and Plaintiff's debts do not fall within the scope of the UCC.

The Court turns first to the merits of the Midland Motion.

## DISCUSSION

## I. Midland Motion

Midland filed its answer to the Complaint on October 7, 2016. [Dkt. no. 12.] Midland brings its motion pursuant to Fed. R. Civ. P. 12(c), which states: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

"Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6)[1] because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Pit River Tribe v. Bureau of Land Mgmt., 793 F.3d 1147, 1155 (9th Cir. 2015) (citation and quotation marks omitted). However, this Court is not required to accept as true "[t]hreadbare recitals of

---

[1] Fed. R. Civ. P. 12(b)(6) allows a defendant to present the defense of "failure to state a claim upon which relief can be granted" by motion, instead of in a responsive pleading.

the elements of a cause of action, supported by mere conclusory

statements." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct.

1955 (2007) (Although for the purposes of a motion to dismiss we

must take all of the factual allegations in the complaint as

true, we "are not bound to accept as true a legal conclusion

couched as a factual allegation" (internal quotation marks

omitted))).

### A. **FDCPA Claims**

This district court has stated:

> To state a claim under the FDCPA, a plaintiff must
> show: (1) that he or she is a consumer; (2) that
> the debt arises out of a transaction entered into
> for personal purposes; (3) that the defendant is a
> debt collector; and (4) that the defendant
> violated one of the provisions of the FDCPA.

<u>Minichino v. Piilani Homeowners Ass'n</u>, CIVIL NO. 16-00461

DKW-RLP, 2016 WL 7093431, at *3 (D. Hawai`i Dec. 2, 2016) (citing

<u>Freeman v. ABC Legal Servs. Inc.</u>, 827 F. Supp. 2d 1065, 1071

(N.D. Cal. 2011)).

The FDCPA defines a consumer as "any natural person

obligated or allegedly obligated to pay any debt." 15 U.S.C.

§ 1692a(3). The Complaint quotes this definition, [Complaint at

¶ 7,] and alleges that Plaintiff "is established as a secured

party creditor of the defendants alleged claim of a debt" [<u>id.</u> at

¶ 5]. In considering Midland's Motion, this Court is not

required to accept Plaintiff's recitation of the statutory

definition and her conclusory statement.  However, because
Plaintiff is proceeding pro se, this Court must liberally
construe the Complaint.  See, e.g., Eldridge v. Block, 832 F.2d
1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the
federal courts to liberally construe the 'inartful pleading' of
pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365,
102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))).
Liberally construing the Midland Letter together with allegations
in the Complaint, Plaintiff sufficiently alleges that she is a
consumer for purposes of the FDCPA.

However, even liberally construing the Complaint
together with the Midland Letter, Plaintiff's allegations do not
satisfy the second element of a FDCPA claim – that "the debt
ar[ose] out of a transaction entered into for personal purposes."
See Minichino, 2016 WL 7093431, at *3.

As to the third element, under the FDCPA:

> The term "debt collector" means any person who
> uses any instrumentality of interstate commerce or
> the mails in any business the principal purpose of
> which is the collection of any debts, or who
> regularly collects or attempts to collect,
> directly or indirectly, debts owed or due or
> asserted to be owed or due another. . . .

§ 1692a(6).  In reviewing a district court's dismissal of a
complaint that alleged FDCPA violations on the ground that the
complaint failed to state a claim, the Ninth Circuit stated:

> The complaint fails to provide any factual basis
> from which we could plausibly infer that the

8

> principal purpose of Wells Fargo's business is
> debt collection. Rather, the complaint's factual
> matter, viewed in the light most favorable to the
> Schlegels, establishes only that debt collection
> is some part of Wells Fargo's business, which is
> insufficient to state a claim under the FDCPA.

Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1209 (9th Cir.

2013) (citation omitted).

Similarly, even liberally construing the Complaint and

the Midland Letter, Plaintiff does not allege that "the principal

purpose of [Midland's] business is debt collection"; at best, she

alleges that debt collection is a part of Midland's business.

See id.

### 1. Count I

As to the fourth element of an FDCPA claim – the

alleged violation of the act, Count I alleges a violation of

§ 1692e(8), which states:

> A debt collector may not use any false, deceptive,
> or misleading representation or means in
> connection with the collection of any debt.
> Without limiting the general application of the
> foregoing, the following conduct is a violation of
> this section:
>
> . . . .
>
> (8) Communicating or threatening to
> communicate to any person credit information
> which is known or which should be known to be
> false, including the failure to communicate
> that a disputed debt is disputed.

Reading the Complaint as a whole, Plaintiff has alleged that she

disputed a debt that Midland was attempting to collect. Count I

9

includes the conclusory allegation that "the debt

collector/defendant have failed to report the debt as disputed to

the consumers credit bureaus." [Complaint at ¶ 8.]  The

Complaint does not include any supporting factual allegations,

such as an allegation that she obtained her credit report and the

report does not reflect the dispute.  See, e.g., Lohse v.

Nationstar Mortg., Case No. 14-cv-00514-JCS, 2014 WL 5358966, at

*8 (N.D. Cal. Oct. 20, 2014).[2]

Thus, although Plaintiff sufficinetly alleged the first

element of her § 1692e(8) claim, she failed to allege sufficient

facts to satisfy the other three elements.  This Court therefore

CONCLUDES that Count I fails to state a plausible claim for

relief.  See Iqbal, 556 U.S. at 678 ("To survive a motion to

dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible

on its face.'" (quoting Twombly, 550 at 570, 127 S. Ct. 1955));

id. ("A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct

alleged." (citing Twombly, 550 at 556, 127 S. Ct. 1955)).  This

---

[2] In Lohse, the district court concluded that the
plaintiffs' allegations were sufficient to state a § 1692e(8)
violation.  They alleged that "they obtained a copy of their
credit report on October 30, 2013 and that Nationstar failed to
accurately mark Plaintiff's credit report by reporting the
Plaintiffs' had disputed the debt."  2014 WL 5358966, at *8.

Court therefore GRANTS the Midland Motion insofar as Plaintiff's claim against Midland in Count I is DISMISSED.

However, this Court also CONCLUDES that it is arguably possible for Plaintiff to cure the defects in her claim against Midland I by amendment. <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). The dismissal is therefore WITHOUT PREJUDICE.

**2. <u>Count II</u>**

Count II alleges a violation of 15 U.S.C. § 1692g(b), which states, in pertinent part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. . . .

As previously noted, the Midland Letter is evidence that Plaintiff disputed the debt that Midland attempted to collect, and that she requested verification of the debt. However, the Complaint does not allege that Plaintiff notified Midland of her

11

dispute within the thirty-day period after Midland's initial

communication, as required pursuant to § 1692g(a).[3]

Thus, although Plaintiff sufficiently alleged the first

element of her § 1692g(b) claim, she failed to allege sufficient

facts to satisfy the other three elements.  This Court therefore

CONCLUDES that Plaintiff's claim against Midland in Count II

---

[3] Section 1692g(a) states:

Within five days after the initial communication
with a consumer in connection with the collection
of any debt, a debt collector shall, unless the
following information is contained in the initial
communication or the consumer has paid the debt,
send the consumer a written notice containing –

(1)  the amount of the debt;

(2)  the name of the creditor to whom the debt is
owed;

(3)  a statement that unless the consumer, within
thirty days after receipt of the notice, disputes
the validity of the debt, or any portion thereof,
the debt will be assumed to be valid by the debt
collector;

(4)  a statement that if the consumer notifies the
debt collector in writing within the thirty-day
period that the debt, or any portion thereof, is
disputed, the debt collector will obtain
verification of the debt or a copy of a judgment
against the consumer and a copy of such
verification or judgment will be mailed to the
consumer by the debt collector; and

(5)  a statement that, upon the consumer's written
request within the thirty-day period, the debt
collector will provide the consumer with the name
and address of the original creditor, if different
from the current creditor.

fails to state a plausible claim for relief. However, this Court also CONCLUDES that it is arguably possible for Plaintiff to cure the defects in that claim by amendment. This Court GRANTS the Midland Motion insofar as this Court DISMISSES Plaintiff's claim against Midland in Count II WITHOUT PREJUDICE.

**B.** **Defamation Claim**

Plaintiff apparently alleges that, because Midland failed to verify the debt that it was attempting to collect from her, reporting the debt to credit reporting agencies constituted defamation. However, the Fair Credit Reporting Act ("FCRA") provides that:

> Except as provided in sections 1681n and 1681o of this title,[4] **no consumer may bring any action or proceeding in the nature of defamation**, invasion of privacy, or negligence **with respect to the reporting of information against** any consumer reporting agency, any user of information, or **any person who furnishes information to a consumer reporting agency**, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report **except as to false information furnished with malice or willful intent to injure such consumer**.

---

[4] 15 U.S.C. § 1681n governs "Civil liability for willful noncompliance," and 15 U.S.C. § 1681o governs "Civil liability for willful noncompliance." However, both statutes address liability for the failure to comply with requirements imposed on **credit reporting agencies**; they do not permit Plaintiff to bring a defamation claim against an entity that furnishes debt information to the credit reporting agencies.

15 U.S.C.A. § 1681h(e) (emphases added).  Pursuant to § 1681h(e), a defamation claim against Midland is preempted by the FCRA unless it is based upon "false information furnished with malice or willful intent to injure such consumer."

The elements of a defamation claim under Hawai`i law are:

> (1)  a false and defamatory statement concerning another;
>
> (2)  an unprivileged publication to a third party;
>
> (3)  fault amounting at least to negligence on the part of the publisher [actual malice where the plaintiff is a public figure]; and
>
> (4)  either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Gonsalves v. Nissan Motor Corp. in Hawaii, 100 Hawai`i 149, 171, 58 P.3d 1196, 1218 (2002) (alteration in Gonsalves) (citations omitted).  Because Plaintiff is not a public figure, actual malice is not required under Hawai`i law.  Although not required to establish the elements of the claim under Hawai`i law, Plaintiff must allege that Midland furnished false information "with malice or willful intent to injure" her to avoid FCRA preemption.  Even liberally construing Plaintiff's Complaint, it does not allege either malice or willful intent.

This Court CONCLUDES that Plaintiff's defamation claim against Midland fails to state a plausible claim for relief.  Although it appears unlikely that Plaintiff can do so, this Court

CONCLUDES that it is arguably possible for her to cure the defect in her claim by amending her Complaint to include factual allegations that would support a reasonable inference that Midland acted with either malice or willful intent to injure her. This Court therefore GRANTS the Midland Motion insofar this Court DISMISSES Plaintiff's claim against Midland in Count III, but the dismissal is WITHOUT PREJUDICE.

## C. **UCC Claim**

Plaintiff alleges that Article 9 of the UCC applies based upon the sale or assignment of the instrument of her alleged debt. <u>See</u> Complaint at ¶ 13. Count IV alleges that "the defendant" failed to respond to Plaintiff's request for an "'authentic statement of account,'" in violation of Haw. Rev. Stat. § 490:9-210, 625(f). [<u>Id.</u> at ¶ 14.]

Section 490:9-210(a)(4) defines a "[r]equest regarding a statement of account," and § 409:9-210(b)(2) addresses what response is required for such a request. Section 490:9-625 governs the remedies available when a secured party fails to comply with Article 9. Midland, however, argues that Count IV fails as a matter of law because Article 9 does not apply to the facts of this case in the first instance.

Article 9 applies to, *inter alia*, "[a] transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract" and "[a] sale of

accounts, chattel paper, payment intangibles, or promissory notes." Haw. Rev. Stat. § 490:9-109(a)(1), (3). However, Article 9 does not apply to "[a]n assignment of accounts, chattel paper, payment intangibles, or promissory notes which is **for the purpose of collection only**." § 490:9-109(d)(5) (emphasis added).

The Complaint, including the Midland Letter, clearly alleges that the assignment of Plaintiff's account to Midland was for the purpose of collection only. This Court therefore CONCLUDES that Count IV fails to state a plausible claim for relief because UCC Article 9 does not apply to the facts of this case. Further, this Court CONCLUDES that Plaintiff cannot cure the defect in this claim by amendment. This Court GRANTS the Midland Motion insofar as this Court DISMISSES Plaintiff's claim against Midland in Count IV WITH PREJUDICE.

D. **Summary**

This Court GRANTS the Midland Motion insofar as: 1) all of Plaintiff's claims against Midland are DISMISSED; and 2) the dismissal of Plaintiff's claim against Midland in Count IV is WITH PREJUDICE. To the extent that the Midland Motion seeks dismissal of Counts I, II, and III with prejudice, the Midland Motion is DENIED. The dismissal of Plaintiff's claims against Midland in Counts I, II, and III is WITHOUT PREJUDICE.

16

## III. **ERC Motion**

### A.    **FDCPA Claims**

ERC argues that Plaintiff's claims against it in Counts I and II fail to state a claim upon which relief can be granted because the Complaint does not contain any factual allegations against it.  Although the Complaint does not clearly state so, Plaintiff's position appears to be that ERC is liable for the attempted collection described in the AFNI Letter.  However, the Complaint does not include any factual allegations that would allow this Court to draw the reasonable inference that ERC is liable for the AFNI collection.  This Court therefore CONCLUDES that Counts I and II fail to state plausible FDCPA claims against ERC, and GRANTS the ERC Motion insofar as Plaintiff's claims against ERC in Counts I and II are DISMISSED.

However, this Court CONCLUDES that it is arguably possible for Plaintiff to cure the defects in her FDCPA claims against ERC by amendment.  This Court emphasizes that, in addition to amending the Complaint to allege how ERC is allegedly liable for the AFNI collection, Plaintiff must also amend her FDCPA claims against ERC to address the general defects in her FDCPA claims discussed in the analysis of the Midland Motion.  The dismissal of Plaintiff's claims against ERC in Counts I and II is WITHOUT PREJUDICE.

**B.** **Defamation Claim**

This Court also CONCLUDES that Plaintiff's defamation claim against ERC in Count III fails to state a claim upon which relief can be granted because of the lack of any factual allegations regarding ERC. This Court therefore GRANTS the ERC Motion insofar as Plaintiff's claim against ERC in Count III is DISMISSED.

However, based on the same analysis of Plaintiff's defamation claim against Midland, this Court also CONCLUDES that it is arguably possible for Plaintiff to cure the defects in her defamation claim against ERC by amendment. The dismissal of Plaintiff's defamation claim against ERC in Count III is therefore WITHOUT PREJUDICE.

**C.** **UCC Claim**

This Court also CONCLUDES that Plaintiff's UCC claim against ERC in Count IV fails to state a claim upon which relief can be granted because of the lack of any factual allegations regarding ERC. This Court therefore GRANTS the ERC Motion insofar as Plaintiff's claim against ERC in Count IV is DISMISSED.

Even if Plaintiff can amend her Complaint to allege how ERC is liable for the AFNI collection, her UCC claim against ERC would still fail as a matter of law for the reasons set forth in the analysis of Plaintiff's UCC claim against Midland. However,

as this Court previously noted, it is not absolutely clear from the Complaint that Plaintiff's UCC claim against ERC is based on the AFNI collection.  This Court therefore cannot conclude that it is absolutely clear that Plaintiff cannot amend her Complaint to state a plausible UCC claim against ERC.  Because it is arguably possible for Plaintiff to cure the defects in her UCC claim against ERC, the dismissal of Plaintiff's UCC claim against ERC in Count IV is WITHOUT PREJUDICE.

### D.   Summary

This Court GRANTS the ERC Motion insofar as all of Plaintiff's claims against ERC are DISMISSED.  To the extent that the ERC Motion seeks dismissal of Plaintiff's claims with prejudice, the ERC Motion is DENIED.  The dismissal of all of Plaintiff's claims against ERC is WITHOUT PREJUDICE.

## IV.  Leave to Amend

This Court has dismissed Plaintiff's claim against Midland in Count IV with prejudice.  This Court has dismissed Plaintiff's claims against Midland in Counts I, II, and III and all of Plaintiff's claims against ERC without prejudice.

As to the claims that this Court has dismissed without prejudice, this Court will allow Plaintiff to file a motion for leave to file an amended complaint ("Motion for Leave").  Plaintiff must attach her proposed amended complaint to the Motion for Leave.  See Local Rule LR10.3 ("Any party filing or

moving to file an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court."). The Motion for Leave itself should explain why Plaintiff should be allowed to file the proposed amended complaint. The Motion for Leave will be referred to the magistrate judge.

This Court CAUTIONS Plaintiff that her proposed amended complaint must include all of the claims that she wishes to pursue in this case, **as well as all of the factual allegations and all of the legal theories that these claims rely upon**. Plaintiff cannot rely upon or incorporate by reference any portion of her original Complaint. **This Court will not consider Plaintiff's amended complaint collectively with her prior filings in this case**.

This Court also CAUTIONS Plaintiff that, if she fails to file her Motion for Leave by the specified deadline, the claims that this Court dismissed without prejudice in this Order will be dismissed with prejudice. In that instance, Plaintiff would not have any claims against Midland and ERC remaining in this case. Further, this Court CAUTIONS Plaintiff that, even if the magistrate judge grants her Motion for Leave and allows her to file her proposed amended complaint, this Court may still dismiss one or more of her amended claims with prejudice if Plaintiff fails to cure the defects identified in this Order.

This Court also CAUTIONS Plaintiff that this Court has only given her leave to cure the defects in her claims identified in this Order. Plaintiff does not have leave to add any new parties, new claims, or new theories of liability. If Plaintiff wishes to add any new parties, claims, or theories of liability, she must file a motion to amend, pursuant to Fed. R. Civ. P. 15(a)(2). The motion to amend must be **separate from** the Motion for Leave described in this Order. If Plaintiff chooses to file a motion to amend, she must comply with the deadline in the Rule 16 Scheduling Order. [Filed 11/1/16 (dkt. no. 38).]

Finally, this Court notes that there are three pending motions for summary judgment currently before it in this case. [Dkt. nos. 35, 44, 55.] This Court will issue a separate entering order addressing how the instant Order affects those motions. After this Court resolves all of the pending motions for summary judgment, this Court will issue a deadline for Plaintiff to file her Motion for Leave.

## CONCLUSION

On the basis of the foregoing, ERC's Motion to Dismiss Complaint, Filed 7/25/16 [Dkt. 1], filed October 11, 2016, and Midland's Motion for Judgment on the Pleadings, filed November 7, 2016, are HEREBY GRANTED IN PART AND DENIED IN PART. The motions are GRANTED insofar as all of Plaintiff's claims against ERC and Midland are DISMISSED. The dismissal is WITHOUT PREJUDICE,

except that the dismissal of Plaintiff's claim against Midland in Count IV is WITH PREJUDICE. Plaintiff is granted leave to file a motion for leave to file an amended complaint, consistent with the terms of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 21, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MINA E. HEMMY VS. MIDLAND FUNDING LLC, ET AL; CIVIL 16-00407 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ERC'S MOTION TO DISMISS COMPLAINT AND GRANTING IN PART AND DENYING IN PART DEFENDANT MIDLAND'S MOTION FOR JUDGMENT ON THE PLEADINGS