IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MINA E. HEMMY, | ) | CIVIL 16-00407 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| MIDLAND FUNDING LLC, et al., | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On May 31, 2017, this Court issued its Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendant Kirk Neste's Counter-motion for Summary Judgment ("5/31/17 Order"). [Dkt. no. 87.] On June 9, 2017, pro se Plaintiff Mina E. Hemmy ("Plaintiff" or "Hemmy") filed Plaintiff's Declaration and Motion for Reconsideration. [Dkt. no. 88.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motion and the relevant legal authority, Plaintiff's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

## DISCUSSION

On October 28, 2016, Plaintiff filed a Motion for Summary Judgment and, on February 10, 2017, Defendant Kirk Neste ("Neste") filed his joint memorandum in opposition to Plaintiff's

motion and his Counter-Motion for Summary Judgment ("Counter-Motion"). [Dkt. nos. 35, 55.] In the 5/31/17 Order, this Court granted the Counter-Motion as to all of the claims against in Plaintiff's Complaint for Permanent Injunction and Other Relief ("Complaint"), filed July 25, 2016, and directed the entry of judgment unless Plaintiff filed a motion for reconsideration. [5/31/17 Order at 16.] In her Motion for Reconsideration, Plaintiff asks this Court to reconsider its rulings in the 5/31/17 Order and to grant her relief from the pending judgment, pursuant to Fed. R. Civ. P. 60. Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>    (1)  mistake, inadvertence, surprise, or excusable neglect;
>
>    (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    (4)  the judgment is void;
>
>    (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6)  any other reason that justifies relief.

Plaintiff argues that this Court should grant her Rule 60 relief

because of:

>    i.  A mistake, inadvertence and excusable neglect on the part of the defendant's oversight to present and articulate critical argument from 3rd party witness testimony.
>
>    ii. Newly discovered evidence from new witness testimony which by due diligence can only be discovered by subpoena in time for trial.
>
>    iii. Fraud and perjured testimony.
>
>    iv. The alleged claim of a debt JUDGMENT IS VOID due to lack of subject matter jurisdiction by way of plaintiff's intrinsic fraud, perjured testimony, lack of standing, misrepresentation and other misconduct by the plaintiff and his attorney.

[Motion for Reconsideration at 2 (emphasis in original).[1]]

This district court has stated:

Under Rule 60(b)(2),

> [r]elief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due [or reasonable] diligence to discover this evidence; and (3) the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case."
>
> Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting Coastal

---

[1] This portion of the Motion for Reconsideration apparently refers to Hemmy as "the defendant," Kevin House as "the plaintiff," and Neste as "his attorney," based on their involvement in the Ejectment Action. See 5/31/17 Order at 7 (describing the Ejectment Action).

3

>     Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.,
>     833 F.2d 208, 211 (9th Cir. 1987)).  Rule
>     60(b)(2), as amended in 2007, requires "reasonable
>     diligence" (instead of "due diligence") for newly
>     discovered evidence.  The change, however, was
>     "intended to be stylistic only."  See Cole v.
>     Hawaii, 2008 WL 508075, at *1 n.2 (D. Haw.
>     Feb. 26, 2008).

Taqupa v. Vipdesk, Inc., CIV. No. 13-00428 JMS-KSC, 2016 WL 236210, at *2 n.2 (D. Hawai`i Jan. 19, 2016) (some alterations in Taqupa).

First, although Plaintiff alleges that she mistakenly or inadvertently failed to present a witness's testimony in connection with the Counter-Motion, she neither identifies the witness nor describes the testimony that she failed to present. Similarly, although Plaintiff asserts that she will present newly discovered evidence if this Court grants the Motion for Reconsideration and allows her case to proceed to trial, she does not describe the newly discovered evidence.  This Court therefore cannot determine whether either the evidence that Plaintiff failed to present in connection with Neste's Counter-Motion or her purported newly discovered evidence is "of such magnitude that production of it earlier would have been likely to change" this Court's ruling on Neste's Counter-Motion.  See Feature Realty, 331 F.3d at 1093 (citation and internal quotation marks omitted).

Further, the Motion for Reconsideration's arguments that Neste and Kevin House committed fraud and perjury and

4

therefore the judgment from the Ejectment Action that Neste attempted to collect from Plaintiff was void are arguments that Plaintiff raised in connection with the Counter-Motion. [5/31/17 Order at 10 ("Hemmy alleges that the judgment in the Ejectment Action is void because Neste and Kevin House committed fraud and perjury.").] This Court considered these arguments, but concluded that they were not relevant to the analysis of the Plaintiff's claims against Neste in the instant case. In other words, the arguments did not warrant denial of Neste's Counter-Motion. This Court understands that Hemmy is disappointed in the outcome of her claims against Neste, but that is not a sufficient ground for reconsideration of the 5/31/17 Order pursuant to Rule 60(b) . See McCarthy v. Mayo, 827 F.2d 1310, 1318 (9th Cir. 1987) ("dissatisfaction with a ruling of the court . . . would be appropriate for appellate review as opposed to Rule 60(b) relief").

This Court therefore CONCLUDES that Plaintiff has not established any ground that warrants reconsideration of the 5/31/17 Order.

## CONCLUSION

On the basis of the foregoing, Plaintiff's motion for reconsideration of this Court's May 31, 2017 Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendant Kirk Neste's Counter-motion for Summary Judgment, which Plaintiff

5

filed on June 9, 2017, is HEREBY DENIED.  There being no remaining claims in this case, this Court DIRECTS the Clerk's office to enter judgment and close this case immediately.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, June 15, 2017.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**MINA E. HEMMY VS. MIDLAND FUNDING LLC, ET AL; CIVIL 16-00407 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**